IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FORWARD FINANCING LLC, | :: |
| Plaintiff, | :: |
| v. | :: |
| UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration; JANET YELLEN, in her official capacity as United States Secretary of Treasury; and THE UNITED STATES OF AMERICA, | :: **COMPLAINT** |
| Defendants. | :: |

## COMPLAINT

Plaintiff, Forward Financing LLC ("Forward Financing"), by its attorneys, as and for its Complaint against Defendants, the United States Small Business Administration ("SBA"), Isabella Casillas Guzman in her official capacity as Administrator of the SBA, Janet Yellen in her official capacity as United States Secretary of Treasury, and the United States of America, alleges as follows:

### NATURE OF THE ACTION

1. In order to mitigate the economic devastation caused by the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Congress's purpose in adopting the CARES Act was to ensure continued employment and income for the millions of Americans employed by small businesses. To accomplish that critical goal, Congress created the Paycheck Protection Program ("PPP"), which authorized the SBA to guarantee hundreds of billions of dollars in loans to small businesses. PPP loans were to be made by private lenders, and Congress pledged to forgive these

loans (*i.e.*, the federal government would reimburse the bank) provided that, *inter alia*, the borrowers used most of the proceeds to pay employees' wages. *See* 15 U.S.C. §§ 636(a)(36), 9005-06.

2. Historically the SBA has treated certain classes of businesses as ineligible for other SBA lending programs. Aware of this, Congress purposefully set about to "[i]ncrease[] eligibility" for forgivable PPP loans, *id*. § 636(a)(36)(D), making them widely available to small businesses across the commercial spectrum. Congress did so by establishing specific, limited criteria for PPP loan guarantee eligibility and by providing unambiguously that "*any* business concern . . . *shall* be eligible" for a forgivable PPP loan if it met those criteria. *Id.* § 636(a)(36)(D)(i) (emphases added).

3. Relying on this expanded eligibility, Forward Financing, a small business finance company that is ineligible for loans under the SBA's traditional criteria, applied for a PPP loan on June 23, 2020. The SBA approved the loan under the PPP's expanded eligibility criteria on June 29, 2020. The loan was funded on July 3, 2020.

4. Despite the CARES Act's clear direction to expand eligibility for PPP loans beyond the criteria traditionally used by SBA, the SBA adopted an Interim Final Rule that imposed its pre-COVID-19, pre-CARES Act exclusions on PPP loan eligibility, excluding a wide range of businesses including banks, political lobbying firms, real-estate developers, and financing businesses like Forward Financing (the "Exclusion Rule").

5. This exclusion lacks any basis in, and indeed is contrary to, the plain text, purpose, and context of the CARES Act.

6. Congress recognized that COVID-19 spared no portion of the economy and clearly and unequivocally expressed its will to provide temporary paycheck support to *all* Americans

2

employed by *all* small businesses that satisfied the statute's eligibility requirements—even businesses that previously may have been ineligible for SBA programs during normal times.

7. Contravening Congress's clearly expressed will, the SBA implemented the Exclusion Rule, declaring ineligible for participation in the PPP many businesses that suffered from the COVID-19 economic downturn in the same way as those that the SBA deemed eligible for their support.

8. Having erroneously excluded entire categories of businesses, the SBA compounded its mistake by then arbitrarily eliminating that exclusion for certain types of business concerns such as casinos, which are ineligible under the traditional criteria, while maintaining the exclusion against others, including those primarily engaged in lending/financing.

9. To make matters worse, the SBA now applies its shifting eligibility standards arbitrarily. Without any explanation of its reasoning in doing so, the SBA has forgiven thousands of loans granted to purportedly ineligible businesses, but has denied forgiveness to certain businesses who are indistinguishable with respect to the eligibility criteria from businesses whose loans have been forgiven.

10. Forward Financing, having retained its staffing levels throughout the pandemic in reliance on Congress's promises embodied in the plain language of the CARES Act, applied for forgiveness of its loan. Forward Financing was entitled to forgiveness of its loan because it fully held up its end of the bargain.

11. Unfortunately, on October 4, 2021, the SBA issued a final loan review decision denying forgiveness of the entirety of Forward Financing's loan, claiming Forward Financing is ineligible for forgiveness under the Exclusion Rule. Forward Financing timely appealed the SBA's final loan review decision to SBA's Office of Hearings and Appeals ("OHA"), pursuant to

3

applicable regulations. Pointing out that the Exclusion Rule is contrary to the plain language of the CARES Act and is being applied arbitrarily to Forward Financing, Forward Financing urged OHA to overturn SBA's erroneous decision.

12. On February 23rd, 2022, OHA issued a decision affirming the SBA's final loan review decision, fully adopting the SBA's arguments and holding that Forward Financing "is a financial business, one of the excluded business types listed in [the Exclusion Rule], and, therefore . . . ineligible for the PPP loan it received", thus ineligible for forgiveness of the Loan.

13. However, the ALJ acknowledged the unsettled law in this area, noting that several Courts have held that the Exclusion Rule is invalid because it is inconsistent with the CARES Act, but concluded that "in the absence of any precedent from a First Circuit court or a higher court invalidating PPP loan eligibility based on [the Exclusion Rule], this tribunal must adhere to [the Exclusion Rule.]"

14. Under applicable regulations, the OHA's decision is now the final decision of the SBA. Forward Financing has exhausted all administrative remedies and now pursues this action under the Administrative Procedure Act ("APA") to set aside the SBA's unlawful denial of forgiveness of Forward Financing's PPP loan and to compel the SBA to grant forgiveness of Forward Financing's PPP loan in full.

## PARTIES

15. Plaintiff Forward Financing is a small business based in Boston, Massachusetts, that provides working capital to small businesses that have been underserved by traditional financing options. Since 2012, more than 58,000 small businesses have relied on Forward Financing to provide fast, flexible, and reliable funding to fuel their success. Unlike traditional financing, Forward Financing's revenue-based financing product allows its customers to reduce or pause their payments when they experience hard times. In 2020, during the height of Covid,

4

Forward Financing assisted thousands of its small business customers by pausing or reducing their payment obligations, helping those small businesses survive the pandemic. At the time that Forward Financing submitted its application for a PPP loan, it employed 88 people.

16. Defendant United States Small Business Administration ("SBA") is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 *et seq.* Under the CARES Act, the SBA administers the PPP.

17. Defendant Isabella Casillas Guzman is the Administrator of the SBA, and is sued only in her official capacity. Because she is the officer with final authority for administering the PPP within the SBA, Administrator Guzman is a proper defendant for these Administrative Procedure Act ("APA") causes of action.

18. Defendant Janet Yellen is the Secretary of the United States Department of Treasury, and is sued only in her official capacity.

19. Defendant United States of America is a proper defendant in APA cases. *See* 5 U.S.C. § 702.

## JURISDICTION & VENUE

20. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

21. Forward Financing has standing to seek review of the SBA's Exclusion Rule because the SBA has applied the rule to deny Forward Financing's loan forgiveness application.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) and §1402 because Forward Financing resides in this district and pursuant to 13 CFR § 134.1211(g), which provides that "[f]inal decisions [of the SBA] may be appealed to the appropriate federal district court only."

23. The decision that the OHA issued on February 23, 2022 is the final decision of the SBA, and thus is a final agency action for purposes of the APA, pursuant to 13 CFR § 134.1211(b),

5

which provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of the SBA 30 calendar days after its service."

## BACKGROUND

### I. The CARES Act and the PPP

24. In March 2020, in order to mitigate the economic crisis caused by the COVID-19 pandemic, Congress passed the CARES Act. Title I of the CARES Act, the "Keeping American Workers Paid and Employed Act," established the PPP. *See* CARES Act, tit. I; 15 U.S.C. § 636(a)(36).

25. The purpose of the PPP was "to assist small businesses nationwide adversely impacted by the COVID-19 emergency by immediately extending them loans on favorable terms," *see* 85 Fed. Reg. 20811, 20811-12 (Apr. 15, 2020), by providing that a borrower's PPP loan would be forgiven "to the extent that the borrower uses the funds to pay expenses relating to payroll, mortgage interest, rent, and utilities during the eight-week period following the loan's origination," *id*. at 20,813-14.

26. Congress created the PPP through an amendment to Section 7(a) of the Small Business Act, and delegated the administration of the PPP to the SBA. *See* 15 U.S.C. § 636(a)).

27. Section 7(a) of the Small Business Act establishes the SBA's general business loan program, empowering the SBA to make loans "to any qualified small business concern … either directly or in cooperation with banks or other financial institutions[.]" 15 U.S.C. § 636(a).

28. In 1996, the SBA first declared certain types of businesses ineligible to participate in its lending program. This historical regulation, codified at 13 C.F.R. § 120.110, prohibits, *inter*

6

*alia*, banks, life insurance companies, "[certain b]usinesses involved in gambling activities," and political lobbying from receiving SBA-backed loans. 13 C.F.R. § 120.110(b), (d), (g), (r).

29. Most relevant here, the historical regulation also generally excludes "[f]inancial businesses primarily engaged in the business of lending, such as … finance companies, and factors." 13 C.F.R. § 120.110(b).

30. Building on its historical regulation, the SBA promulgated a "Standard Operating Procedure for Lender and Development Company Loan Programs 50 10 5(K)" ("2019 SOP"), which likewise excludes "businesses primarily engaged in lending, investments, or to an otherwise eligible business engaged in financing or factoring." 2019 SOP, subpt. B, ch. 2(III)(A)(2). Thus, the SBA has historically denied businesses like Forward Financing access to the agency's lending programs generally.

31. The CARES Act, however, established the PPP as "a *new* loan program to assist small businesses nationwide adversely impacted by the COVID-19 emergency" that would be administered under Section 7(a). *See* Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811 (Apr. 15, 2020), codified at 13 C.F.R. § 120 (the "Interim Final Rule" or "IFR 1"). SBA's historical restrictions, therefore, did not apply.

32. The CARES Act significantly broadened eligibility for PPP loans as follows:

(D) INCREASED ELIGIBILITY FOR CERTAIN SMALL BUSINESSES AND ORGANIZATIONS

(i) IN GENERAL. During the Covered Period , ***in addition to small business concerns, any business concern***, nonprofit organization, veterans organization, or Tribal business concern described in section 31(b)(2)C) ***shall be eligible to receive a covered loan if the business concern***, nonprofit organization, veterans organization, or Tribal business concern ***employs not more than the greater of –(I) 500 employees***; or (II) if applicable, the size standard in numbers of employees established by the Administration for the industry in which the business concern, nonprofit organization, veterans organization or Tribal business concern operates.

7

CARES Act §1102, 15 U.S.C. §636(a)(36)(D) (emphases added).

33. 15 U.S.C. § 636(a)36(D) sets forth the eligibility standards for a PPP loan and also sets forth the sole categorical exclusion made by Congress, rendering publicly-traded companies ineligible for a PPP Loan.

34. Any business meeting the eligibility criteria in section 36(D) may receive a "covered loan" from a participating lender. Section 36(A)(ii) defines "covered loan" as "a loan made under this paragraph."

35. Pursuant to 15 U.S.C. § 636(a)(36)(B), the SBA is authorized to "guarantee covered loans under the same terms, conditions, and processes as a loan made under this subsection."

36. The criteria for loan forgiveness are also set forth in Section 1106 of the CARES Act, as amended by the Paycheck Protection Program Flexibility Act ("Flexibility Act"), Pub. L. No. 116-142, 134 Stat. 641 (2020). "An eligible recipient *shall* be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds are used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b). The SBA is required to reimburse the private lender for any PPP loan determined eligible for forgiveness. CARES Act § 1106(c)(3). PPP loan recipients must submit forgiveness applications to be considered, *id.* § 1106(e), and loans may only be forgiven if the borrower was an "eligible recipient" of the PPP loan to begin with. Loans not forgiven will have a 2-year term or, for loans issued after June 5, 2020, a 5-year term, *see* Flexibility Act § 2(a), (b).

**II.    SBA Implements the Exclusion Rule**

37. In the period following the passage of the CARES Act, the federal agencies responsible for implementing the PPP touted the program as providing payroll assistance to *any* business with fewer than 500 employees. *See, e.g.*, SBA, *Financial Assistance from the US SBA for Small Businesses and Non-Profits*, (Mar. 31, 2020) ("Businesses . . . with 500 or fewer

8

employees may apply."), https://bit.ly/3cBC3bx; U.S. Dep't of Treas., *Small Business Paycheck Protection Program*, (Mar. 31, 2020) ("All Small Businesses Eligible"), https://bit.ly/372sJwp.

38. Nonetheless, shortly after enactment of the PPP, the SBA adopted rules to govern the PPP loan guarantees, and the Exclusion Rule was one of them. *See* IFR 1.

39. IFR 1, incorporating by reference the Exclusion Rule, states that "[b]usinesses that are not eligible for PPP loans are identified in 13 CFR 120.110 and described further in SBA's Standard Operating Procedure (SOP) 50 10, Subpart B, Chapter 2, except that nonprofit organizations authorized under the Act are eligible."

40. As discussed above, these SBA historical lending guidelines exclude "[f]inancial businesses primarily engaged in the business of lending," 13 C.F.R. § 120.110(b). The 2019 SOP further states that "SBA cannot guarantee a loan that provides funds to businesses primarily engaged in lending, investments, or to an otherwise eligible business engaged in financing or factoring." 2019 SOP, subpt. B, ch. 2(III)(A

41. Applying the Exclusion Rule to PPP lending has no statutory basis in either the CARES Act, the APA or the Small Business Act. The Exclusion Rule does not implicate a "term, condition [or] process" of section 7(a) of the Small Business Act. More specifically, the exclusion of "businesses primarily engaged in the business of lending" has no statutory basis whatsoever and none of the CARES Act, APA or Small Business Act reference "businesses primarily engaged in the business of lending." Rather, the Exclusion Rule was crafted and implemented by the SBA pursuant to its general rule-making authority and incorporated among SBA's SOP.

42. Since imposing the Exclusion Rule on PPP loans, the SBA has issued further guidance "clarifying" that certain businesses previously ineligible for SBA loans under its regulations are nevertheless now eligible for PPP loans. For example, the SBA now permits legal

9

gambling businesses, previously excluded from SBA loans under 13 C.F.R. § 120.110(g), to access PPP loans. *See* Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program— Requirements—Promissory Notes, Authorizations, Affiliation, and Eligibility, 85 Fed. Reg. 23,450, 23,451 (Apr. 28, 2020).

43. Nevertheless, the SBA continues to enforce the Exclusion Rule against businesses like Forward Financing that are primarily engaged in the business of financing without any explanation or justification for its differing treatment. At the time of allowing legal gambling businesses to obtain PPP loans, the SBA stated that "the Administrator . . . believes this approach is more consistent with the policy aim of making PPP loans available to a broad segment of U.S. businesses." 85 Fed. Reg. at 23,451. This reasoning applies with equal force to the business that Plaintiff operates, yet the SBA has given *no* explanation for continuing to exclude its business from the PPP while allowing other previously excluded businesses to participate.

### III. SBA Unlawfully Applies the Exclusion Rule to Deny Forward Financing the Loan Forgiveness Promised by the CARES Act.

44. Forward Financing suffered significant harm from the COVID-19 pandemic, which ground nearly every segment of the economy to a halt. Small businesses were disproportionately impacted as they operate on the tightest margins and lack traditional sources of funding.

45. Forward Financing bore the consequences and effects of the pandemic even more than some since their entire business model involves infusing other small businesses with working capital and, when those other businesses shut down, Forward Financing's source of revenue was severely curtailed.

46. Facing the same or worse dire economic outlook as every business in America, Forward Financing grappled with how to retain its employees amidst a certain economic downturn of uncertain duration.

47. In the face of financial hardship and challenging decisions, Forward Financing sought a forgivable PPP loan to mitigate business losses, enable it to retain its employees through the economic downturn and keep its business open for the purpose of helping other small businesses weather the Covid storm.

48. Under the criteria established by the CARES Act, Forward Financing was eligible for a PPP loan.

49. Forward Financing applied for a PPP loan on June 23, 2020, through LendingClub Bank, National Association ("LendingClub"). The SBA approved Forward Financing's application on June 29, 2020, and loan proceeds were disbursed on July 3, 2020.

50. Forward Financing used its loan proceeds to meet payroll and other expenses permitted by the CARES Act. Though it experienced significant operational challenges caused by the pandemic, Forward Financing nevertheless retained its working employees with the assistance of its PPP loan and the recovering business environment.

51. As it was entitled to do under the CARES Act, Forward Financing submitted its application for loan forgiveness to LendingClub on November 4, 2020, and they approved Forward Financing's forgiveness request and forwarded Forward Financing's forgiveness application to SBA for its final review.

52. However, although Forward Financing's original forgiveness application demonstrated it had met all of its obligations under the CARES Act as LendingClub recognized, the SBA requested further information from LendingClub on July 27, 2021. In its request for information, SBA explained that a Hold Code had been associated with Forward Financing's loan due to Forward Financing's NAICS Code, which indicated that "[b]orrower appears to be engaged in lending – Potential eligibility issue."

53. On October 4, 2021, Forward Financing received the SBA's final loan review decision denying forgiveness of the Loan on the ground that it "is a financial business engaged in lending, investments or an ineligible business engaged in financing or factoring." *See* October 4, 2021 Letter Re: Paycheck Protection Program Final SBA Loan Review Decision, attached as Exhibit 1 ("SBA Loan Forgiveness Denial").

54. On November 3, 2021, Forward Financing filed a formal appeal of the SBA Loan Forgiveness Denial (the "OHA Appeal"). On appeal, Forward Financing contested the SBA decision on two grounds. First, the Exclusion Rule is contrary to the plain language of the CARES Act. Second, SBA's application of the Exclusion Rule to Forward Financing arbitrarily distinguished Forward Financing from other similarly situated businesses that had been granted forgiveness, in violation of the Equal Protection Clause.

55. The official record on the OHA Appeal closed on January 28, 2022.

56. On February 23, 2022 OHA issued its decision affirming denial of SBA forgiveness of Forward Financing's loan (the "Affirmance"). *See* Exhibit 2.

57. In the Affirmance, the Administrative Law Judge ("ALJ") erroneously rejected Forward Financing's positions and upheld SBA's loan forgiveness denial.

58. With respect to the Exclusion Rule's inconsistency with the language of the CARES Act, the ALJ held that "[w]hether a regulation is valid as written generally does not fall within the jurisdiction of OHA." The ALJ acknowledged that several circuits have held that the Exclusion Rule is invalid because it is inconsistent with the CARES Act, but concluded that "in the absence of any precedent from a First Circuit court or a higher court invalidating PPP loan eligibility based on [the Exclusion Rule], this tribunal must adhere to [the Exclusion Rule][.]"

59. Next, the ALJ held that Forward Financing was ineligible for its PPP loan because it is a business engaged in factoring.

60. Finally, the ALJ held that SBA's application of the Exclusion Rule to Forward Financing was not a violation of the equal protection clause, describing Forward Financing's factual averments as "speculative."

## IV. The SBA Arbitrarily Allows Other Excluded Businesses to Obtain Forgivable PPP Loans

61. Since imposing the Exclusion Rule, the SBA has issued further guidance "clarifying" that certain businesses previously ineligible for SBA loans under its regulations are nevertheless now eligible for PPP loans. For example, the SBA now permits legal gambling businesses, previously excluded from SBA loans under 13 C.F.R. § 120.110(g), to access PPP loans. *See* Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program— Requirements—Promissory Notes, Authorizations, Affiliation, and Eligibility, 85 Fed. Reg. 23,450, 23,451 (Apr. 28, 2020).

62. Nevertheless, the SBA continues to enforce the Exclusion Rule against businesses like Forward Financing that are primarily engaged in the financing business without any explanation or justification for its differing treatment. At the time of allowing legal gambling businesses to obtain PPP loans, the SBA stated that "the Administrator . . . believes this approach is more consistent with the policy aim of making PPP loans available to a broad segment of U.S. businesses." 85 Fed. Reg. at 23,451. This reasoning applies with equal force to the business that Plaintiff operates, yet the SBA has given *no* explanation for continuing to exclude its business from the PPP while allowing other previously excluded businesses to participate.

63. In addition to the Exclusion Rule being unlawful as written, SBA impermissibly applies it arbitrarily against some businesses while forgiving loans granted to similarly situated businesses.

64. According to data on PPP loans provided by SBA on its own website, more than 2,200 loans greater than $150,000 have been forgiven where the borrowers use NAICS codes beginning with 522, indicating that they are engaged in credit intermediation and related activities. *See* U.S. Small Business Administration, *PPP FOIA*, https://data.sba.gov/dataset/ppp-foia (last accessed April 3, 2024). The total amount forgiven for these loans is more than $1.6 billion. *Id.* Businesses are classified under NAICS code 522 when they "(1) lend funds raised from depositors; (2) lend funds raised from credit market borrowing; or (3) facilitate the lending of funds or issuance of credit by engaging in such activities as mortgage and loan brokerage, clearinghouse and reserve services, and check cashing services." United States Census Bureau, *North American Industry Classification System*, https://www.census.gov/naics/?input=522&year=2017&details=522. These businesses are all excluded from PPP eligibility according to SBA's Exclusion Rule. Yet SBA has forgiven more than $1.6 billion in PPP loans granted to these businesses, while inexplicably denying forgiveness to other similarly situated businesses.

65. SBA has even forgiven PPP loans granted to businesses operating under the same NAICS code as that used by Forward Financing, 522298, without providing any explanation for how those businesses differ in eligibility criteria from Forward Financing. According to the same SBA data, 218 of the 293 loans granted to businesses with NAICS code 522298 have been forgiven. The combined forgiveness amount of these loans is $101,384,939. This means that SBA has forgiven 75% of loans, amounting to more than $100 million, for entities operating the same

type of business as Forward Financing. SBA has offered no explanation for its differential treatment of Forward Financing.

## V.    Courts in Multiple Jurisdictions Have Held that the Exclusion Rule is Invalid.

66.    Since the SBA issued the Exclusion Rule, a number of courts have barred its application as contrary to law. For example, the Eastern District of Michigan enjoined the SBA from denying PPP loans to otherwise-qualified applicants on the basis of the Exclusion Rule, holding that the rule exceeded the SBA's statutory authority. *Nat'l Ass'n of Home Builders v. U.S. Small Business Administration*, No. 2011780, 2021 U.S. Dist. LEXIS 186548, at *35 (E.D. Mich. Sept. 28, 2021); *see also DV Diamond Club v. Small Business Administration*, 960 F.3d 743, 746-47 (6th Cir. 2020) (denying a motion for stay of injunction barring the Exclusion Rule's application to business owners who were previously ineligible for SBA lending programs, finding that the business owners had a substantial likelihood of success on their claim that the rule conflicted with the CARES Act).

67.    Numerous other courts across the country have likewise held that the SBA's Exclusion Rule exceeds the agency's statutory authority and is arbitrary and capricious. *See, e.g.*, *Camelot Banquet Rooms*, 458 F. Supp. 3d at 1056 (holding that the SBA's Exclusion Rule exceeded its statutory authority); *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, No. 20-1729 (7th Cir. May 20, 2020) (order) (denying the SBA's motion for a stay pending appeal); *In re Gateway Radiology Consultants, P.A.*, No. 8:19-BK-04971-MGW, 2020 WL 3048197, at *19 (Bankr. M.D. Fla. June 8, 2020) (enjoining the SBA's attempt to "disqualify[] an entire class of troubled small businesses—perhaps those who need it the most— from obtaining grants to pay employees so their workers don't lose their jobs"); *In re Skefos*, No. 19-29718-L, 2020 WL 2893413, at *13 (Bankr. W.D. Tenn. June 2, 2020) ("SBA acted arbitrarily and capriciously in excluding applicants whose owners are debtors in bankruptcy from the PPP."); *In re Roman*

*Catholic Church of Archdiocese of Santa Fe*, No. 18-13027 T11, 2020 WL 2096113, at *7 (Bankr. D.N.M. May 1, 2020) (holding that the SBA's Exclusion Rule "constitutes a usurpation of Congressional authority to determine which businesses are eligible for PPP funds").

## CAUSES OF ACTION

### COUNT ONE
### Claim for Declaratory and Injunctive Relief Under 5 U.S.C. § 706(2)(A), (C) that the Exclusion Rule Is Agency Action Contrary to Law
### 5 U.S.C. §706(2)(A), (C)

68. Plaintiff repeats and incorporates the foregoing paragraphs as if fully stated herein.

69. The APA authorizes judicial review of federal agency actions. 5 U.S.C. §702.

70. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id*. § 706(2)(A), (C).

71. The CARES Act provides that "in addition to small business concerns, *any* business concern . . . *shall* be eligible to receive a covered loan," CARES Act § 1102(a)(36)(D)(i) (emphases added), subject only to the conditions that a business meet the Act's size requirement, make the required good-faith borrower certification, and have been in operation as of February 15, 2020.

72. In evaluating the enforceability of an agency rule, the Court must first evaluate statutory text to determine whether Congress "had an intention on the precise question at issue." *Chevron USA, Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984).

73. If Congress's intent is clear, the court must give effect to the plain statutory language and must reject contrary administrative constructions. *Id.*

74. Congress's deliberate use of the word "any" evinces its clear intent that the PPP shall be broadly available to all "business concerns" meeting the criteria set forth in the CARES

Act. While standard 7(a) Loans are prohibited to businesses primarily engaged in the business of lending, "the 'any business concern' language evidenced Congress's intent to render SBA's more restrictive eligibility rules inapplicable." *SBA v. Weather King Heating & Air, Inc.*, No. 5:20-cv-2711, 648 B.R. 200, 23 (N.D. Ohio Jan. 31, 2023).

75. The CARES Act, as amended, also provides that all such "eligible recipient[s] *shall* be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

76. The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the Exclusion Rule.

77. Defendants' actions to exclude businesses primarily engaged in the business of lending from PPP eligibility, including for loan forgiveness, are not in accordance with law, including the CARES Act and the APA. Plaintiff is entitled to an order declaring the same.

78. Defendants' actions to exclude businesses primarily engaged in the business of lending from PPP eligibility, including for loan forgiveness, are in excess of statutory jurisdiction, authority, or limitations, and short of statutory right, in violation of the CARES Act and the APA. Plaintiff is entitled to an order declaring the same.

79. Plaintiff is entitled to a declaratory judgment that the Exclusion Rule is unlawful, and injunctive relief preventing the SBA from applying the Exclusion Rule to it.

## COUNT TWO
### Claim for Declaratory and Injunctive relief under 5 U.S.C. § 706(2)(A) that the Exclusion Rule is Arbitrary and Capricious

80. Plaintiff repeats and incorporates the foregoing paragraphs as if fully stated herein.

81. The APA authorizes judicial review of federal agency actions. 5 U.S.C. §702.

82. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*. § 706(2)(A).

83. The CARES Act provides that "in addition to small business concerns, *any* business concern . . . *shall* be eligible to receive a covered loan," 15 U.S.C. § 636(a)(36)(D)(i) (emphases added), subject only to the conditions that a business meet the Act's size requirement, makes the required good-faith borrower certification, and have been in operation as of February 15, 2020.

84. The CARES Act, as amended, also provides that all such "eligible recipient[s] *shall* be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

85. The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the Exclusion Rule.

86. Defendants' exclusion of businesses primarily engaged in the business of financing from PPP eligibility, including loan forgiveness, while granting PPP benefits to other businesses that were ineligible under previous SBA guidelines, is arbitrary and capricious and an abuse of discretion. Plaintiff is entitled to an order declaring the same.

87. Plaintiff is entitled to a declaratory judgment that the Exclusion Rule is arbitrary and capricious and injunctive relief preventing the SBA from applying the Exclusion Rule to it.

## COUNT THREE
**Claim for Declaratory and Injunctive Relief Under 5 U.S.C. § 706(2)(A) that Application of the Exclusion Rule to Forward Financing is Arbitrary and Capricious**

88. Plaintiff repeats and incorporates the foregoing paragraphs as if fully stated herein.

89. The APA authorizes judicial review of federal agency actions. 5 U.S.C. §702.

90. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious," or "an abuse of discretion." *Id*. § 706(2)(A).

91. "[A]n agency must give a reasoned analysis to justify disparate treatment of regulated parties that seem similarly situated. If such disparate treatment is not supported with a reasoned explanation and substantial evidence in the record, the treatment is arbitrary and capricious and violates the APA" *DACO Invs., LLC v. United States SBA*, No. 6:22-CV-01444, 2024 U.S. Dist. LEXIS 33763 (W.D. La. Feb. 22, 2024) (internal quotations omitted) (quoting *ANR Storage Co. v. FERC*, 904 F.3d 1020, 1024 (D.C. Cir. 2018)).

92. SBA has denied loan forgiveness to Plaintiff based on its determination that Plaintiff is a business primarily engaged in lending. According to its own data, however, SBA has forgiven loans to more than two thousand businesses with NAICS codes beginning with 522, which indicates that they are primarily engaged in lending.

93. SBA did not identify any other reason for denying Plaintiff's PPP loan forgiveness application.

94. Plaintiff and these other businesses are similarly situated with respect to eligibility for PPP loan forgiveness. Defendant's denial of Plaintiff's forgiveness application, while granting forgiveness to these other businesses, is therefore arbitrary and capricious and an abuse of discretion. Plaintiff is entitled to an order declaring the same.

95. Plaintiff is entitled to a permanent injunction enjoining Defendants from applying the Exclusion rule against it, and vacating the SBA and OHA decisions holding that Plaintiff is ineligible for loan forgiveness.

**PRAYERS FOR RELIEF**

Wherefore, Plaintiff respectfully asks the Court to order the following relief:

A. Declare that the Exclusion Rule is not in accordance with law;

B. Declare that the Exclusion Rule is arbitrary and capricious;

C. Hold unlawful and set aside the Exclusion Rule;

D. Permanently enjoin the SBA from enforcing the Exclusion Rule, including against the Plaintiff, in determining forgiveness eligibility;

E. Vacatur of the February 23, 2022 Affirmance;

F. Award costs and reasonable attorney fees to the extent permitted by law; and

G. Grant such other relief as this Court may deem just and proper.

Dated: June 28, 2024

**BALLARD SPAHR LLP**

James V. Masella III, Esq. (BBO No. 562882)
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, New York 10019
(646) 346-8024
masellaj@ballardspahr.com

Terence M. Grugan, Esq. (*pro hac vice* forthcoming)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8320

*Counsel for Appellant, Forward Financing, LLC*