**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

FORWARD FINANCING LLC,                )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )     No. 1:24-CV-11689-BEM
                                       )
UNITED STATES SMALL BUSINESS           )
ADMINISTRATION; ISABELLA               )
CASILLAS GUZMAN, in her official       )
Capacity as Administrator of the Small )
Business Administration; JANET YELLEN, )
In her official capacity as United States )
Secretary of Treasury; and THE UNITED  )
STATES OF AMERICA,                     )
                                       )
            Defendants.                )

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT AND IN OPPOSTION TO
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendants, by and through their counsel Leah B. Foley, United States Attorney for the

District of Massachusetts, submit this Reply brief in further support of Defendants' Motion for

Summary Judgment and in opposition to Plaintiff Forward Financing's Motion for Summary

Judgment.

Defendants hereby incorporate the facts and arguments previously set forth in the

Defendants' Memorandum of Law in Support of Summary Judgment (ECF Doc. 40); Defendants'

Statement of Undisputed Facts, (ECF Doc. 40-1); and Defendants' Memorandum of Law in

Support of their Opposition to Plaintiff's Motion for Summary Judgment.  (ECF Doc. 46); as well

as all of the exhibits/declarations supporting the foregoing filings.

Defendants will not repeat their arguments except to note that Plaintiff, in their

Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Pl.

Opp."), continue to ignore the fact that the CARES Act and the PPP loans are all part of the

larger statutory scheme of the Small Business Act's Section 7(a) program and must be

understood and interpreted in the context of the whole statutory scheme.  Numerous courts,

before and after *Loper Bright*, have interpreted PPP loans as being subject to the terms and

conditions of the larger Section 7(a) program of which they are a part.  Notably in *Tidewater*

*Finance Co. v. SBA*, 2025 WL 763940, *5 (E.D. VA Mar. 11, 2025) the court held that "the first

PPP statute is unambiguous.   Congress placed the First PPP under Section 7(a) of the Small

Business Act."[1]  *See Pharaohs GC, Inc. v. SBA*, 990 F.3d 217, 228 (2d Cir. 2021) ("Congress

enacted the [PPP] on the foundation of the SBA's 7(a) loan program."); *In re Gateway*

*Radiology Consultants*, 983 F.3d 1239, 1256 (11th Cir. 2020) ("[T]he PPP was not created as a

standalone program but was added into the existing § 7(a) program, which subjects it to existing

conditions and regulations, as well as existing SBA authority.");  *see also Diocese of Rochester*

*v. SBA*, 466 F. Supp. 3d 363, 375-76 (W.D.N.Y. 2020); *Tradeways, Ltd. v. Dep't of the*

*Treasury*, 2020 WL 3447767, at *4 (D. Md. June 24, 2020).

To leave no room for any confusion or ambiguity on this point, a week after the CARES

Act was enacted on March 27, 2020, the SBA issued its First PPP Interim Final Rule ("First PPP

IFR") and posted the First PPP IFR on its website on April 2, 2020.   The First PPP IFR rule stated

that businesses "identified in 13 CFR 120.110" are "not eligible for PPP loans[,]" with the exception

of "nonprofit organizations authorized by the [CARES] Act [15 U.S.C. § 636(a)(36)(D)(i)]."

Section CFR 120.110 is what the Plaintiff calls the "Exclusion Rule," and it provides that the types

---

[1] Plaintiff provides no response to the *Tidewater* decision except to conclusorily contend that *Tidewater*'s analysis was "flawed."  (Pl. Opp. at 17).

of businesses ineligible for SBA business loans include: "Financial businesses primarily engaged in the business of lending, such as banks, finance companies, and factors . . . ."   13 C.F.R. § 120.110(b).   It was only after the First PPP IFR was announced, that the PPP launched on April 3, 2020.

Plaintiff does not dispute that when it applied for a PPP loan on June 23, 2020, it was on notice of the First PPP IFR and the fact that it explicitly incorporated the "Exclusion Rule" of the larger SBA Section 7(a) loan program, to make "Financial businesses primarily engaged in the business of lending, such as banks, finance companies, and factors" ineligible for PPP loans. Nevertheless, Plaintiff applied for and received a loan of $1,982,962.00 and now seeks to have that loan entirely forgiven by the government.

Plaintiff concedes that "the material facts are largely undisputed," (Pl. Opp at 7) (ECF Doc. 46 at 7), but it takes issue with one fact:  why a hold code was placed on its loan, triggering the review that led to the denial of Plaintiff's loan forgiveness application.   *Id.*

SBA conducted a manual forgiveness review of a loan if a borrower fell into one of three categories: (1) borrower failed the automated screening process; (2) borrower was selected as part of statistical sampling developed by a contractor; or (3) borrower was selected as part of one-time statistical analysis developed by a different contractor in June 2020 as a result of a hold code/flag being placed on the loan. (Martin Andrews Second Supplement Declaration ("Andrews Second Supp. Decl.") ¶ 3) (Exhibit A, attached hereto).

In the present case, as previously provided in Martin Andrews' earlier declarations, and which is made even more clear in Mr. Andrews' Second Supplemental Declaration, Forward Financing's loan was selected for manual forgiveness review for two reasons, namely categories (1) and (3) above.   (Andrews Second Supp. Decl. ¶ 4).

First, "[a]s a result of the automated review failure, and because of the size of the loan and multiple hold codes, Forward Financing's loan underwent manual forgiveness review, during which it was determined that Forward Financing was an ineligible financial business under 13 C.F.R. § 120.110(b)." (Andrews Second Supp. Decl. ¶ 4). This automated screening was unrelated to its NAICS code, but rather related to Forward Financing's loan size and employee count.[2]

Second, Forward Financing's loan was flagged/subject to a hold code because it was selected as part of one-time statistical analysis developed by a contractor in June 2020, as a result of Forward Financing's NAICS code which put a hold on the loan. (Martins Second Supp. Decl. ¶ 4).

As to both of these categories, "as a result of the automated review failure, and because of the size of the loan and multiple hold codes, Forward Financing's loan underwent manual forgiveness review, during which it was determined that Forward Financing was an ineligible financial business under 13 C.F.R. § 120.110(b)." *Id.*

The bottom line is that Forward Financing's loan was reviewed based on two of the three categories for manual forgiveness review that SBA applied to all of its loans. Likewise, other borrowers' loans were selected for manual forgiveness review if they fell under one or more of the three categories above. SBA was not acting arbitrarily or capriciously in reviewing and granting or denying applications for loan forgiveness.

Plaintiff's claim that the "Exclusion Rule" was applied in an arbitrary and capricious way, must be denied.

---

[2] It is for this first category that borrowers were selected for manual forgiveness review for reasons unrelated to their NAICS codes.

## CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment should be granted, and

the SBA's decision denying Plaintiff's application for loan forgiveness should be affirmed.

Plaintiff's Motion for Summary Judgment should be denied.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated:  July 28, 2025                    By: */s/  Shawna Yen*
                                         SHAWNA YEN
                                         Assistant U.S. Attorney
                                         United States Attorney's Office
                                         1 Courthouse Way, Suite 9200
                                         Boston, MA  02210
                                         617-748-3100
                                         Shawna.Yen@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Electronic Court Filing system
and will be sent electronically to the registered participants as identified on the NEF and paper
copies to those not registered.

Dated: July 28, 2025                    By: */s/  Shawna Yen*
                                         SHAWNA YEN
                                         Assistant U.S. Attorney